THE STATE, EX REL. THE PARK INVESTMENT CO., *v.* BOARD OF TAX APPEALS ET AL.

[Cite as State, ex rel. Park Investment Co., v. Board of Tax Appeals, 1 Ohio St. 2d 171.]

172

(No. 37357—Decided March 17, 1965.)

Messrs. *Forrester & Kovanda*, for relator.
Mr. *William B. Saxbe*, attorney general, and Mr. *Edgar L. Lindley*, for Board of Tax Appeals.

*Per Curiam.* This case is before the court on a motion by relator for an order requiring the Board of Tax Appeals to show cause why it should not be adjudged in contempt for failure to obey the order of the court in *State, ex rel. Park Investment Co.*, v. *Board of Tax Appeals*, 175 Ohio St. 410.

The mandate issued by this court read as follows:

"This cause was considered by the court on the petition, answers, depositions, exhibits, briefs and was argued by counsel. On consideration whereof, it is ordered by the court that, for the reasons set forth in the opinion rendered in this case, the writ of mandamus is allowed and the board is directed hereafter to perform its statutory duties by reviewing the tax assessments in Cuyahoga County in relation to whether such assessments were made by uniform rule and, if it finds that discrepancies exist in the tax assessments, as a whole or among the various classes of property, to direct such an order as is necessary to the county auditor to equalize such assessments."

Pursuant to such mandate the board had hearings and as a result of such hearings found that the various classes of real property in Cuyahoga County were not valued by uniform rule, that various classes of real property throughout the state were assessed at 35 to 40 per cent of value, that residential and agricultural property was so assessed in Cuyahoga County, but that commercial property was valued at between 45 and 50 per cent.

The board's order to the auditor reads in part as follows:

"Therefore, it is the further finding, determination and order of the Board of Tax Appeals that the Auditor of Cuyahoga County shall make such changes and modifications as are necessary and shall cause and put into effect a decrease in the

tax assessment values in the commercial and industrial classifications of said abstract by reducing the assessed values on all pertinent records and each property record card for each and every parcel of commercial and industrial property in the amount of fifteen percentum (15%) of the amount of the assessed values presently appearing thereon, applying the said reduction equally between the land and improvements thereon, and shall adjust the abstract of the real property of each taxing district in which an adjustment is required and to transmit to the Board of Tax Appeals such adjusted abstract, in accordance with Section 5715.26, Revised Code.''

Relator bases his argument that respondents have not complied with the court's order on the following finding by the board:

''That the order of equalization to be set forth herein is issued under the authority of Revised Code Section 5715.24 and applies to aggregate values and the percentages involved are averages; and upon appeal filed with the Board of Tax Appeals (Section 5717.01, Revised Code) as to the valuation of any individual parcel of real property the average per-cent level of value is only one of the many factors that must be taken into consideration and that no increase, or reduction, in value will be granted on appeal, if the individual parcel falls within the range of 30% to 45% of market value on tax lien date.''

It is relator's contention that, although the Board of Tax Appeals found that the proper average was between 35 and 40 per cent of market value in the aggregate, under the above-quoted finding so long as the county auditor finds no greater spread than 30 to 45 per cent on any individual property he need make no change. It is relator's contention that the valuation according to uniform rule is applicable to the individual parcel of property as well as the aggregate.

The paragraph to which relator complains is purely a gratuitous expression of the policy which the board may apply on an appeal in relation to any individual parcel of property. It does not relate to the duty of the county auditor, and such policy may be contested in an appeal from any order of the board in relation to any given parcel of property to which it is applied.

The board complied with the mandate of the court when it found that the valuation of the aggregate in relation to commercial property was not made by uniform rule and directed the county auditor to adjust the valuations in Cuyahoga County in relation to commercial property so that they would comply with the uniform valuation of 35 to 40 per cent throughout the rest of the state.

The motion to show cause is dismissed.

*Motion dismissed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.